Brian J. Perkins (SBN 315870)
Angela J. Nehmens (SBN 309433)
William H. Cross (SBN 337801)
**LEVIN SIMES ABRAMS LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
Email: bperkins@levinsimes.com
Email: anehmens@levinsimes.com
Email: wcross@levinsimes.com

*Attorneys for Plaintiff B.J.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.J., <br><br> Plaintiff, <br><br> vs. <br><br> G6 HOSPITALITY, LLC, et al. <br><br> Defendants. | Case No.: 4:22-cv-03765-MMC <br><br> **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT LEISURE HOTEL GROUP LLC dba CLARION INN'S RULE 12(b)(6) MOTION TO DISMISS** <br><br> Hearing: January 27, 2023 <br> Time: 9:00 a.m. <br> Courtroom: 7 <br> Judge: Honorable Maxine M. Chesney |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ iii

STATEMENT OF ISSUES TO BE DECIDED .................................................................................. 1

INTRODUCTION ............................................................................................................................... 1

STATEMENT OF RELEVANT FACTS ........................................................................................... 3

LEGAL STANDARD ......................................................................................................................... 4

ARGUMENT ....................................................................................................................................... 5

    I.    Because the TVPRA is a Remedial Statute, It Should Be Interpreted Broadly ..................... 5

    II.   Civil Liability Under Section 1595 of the TVPRA ............................................................. 6

    III.  Plaintiff Sufficiently and Plausibly Pleaded Leisure Hotel Is Directly Liable ................... 6

        a.    Leisure Hotel Knowingly Benefitted ............................................................................ 7

        b.    Leisure Hotel Participated in a Venture ........................................................................ 8

        c.    Leisure Hotel Knew or Should Have Known That the Venture Was Engaged in Sex Trafficking ..................................................................................................................... 9

CONCLUSION .................................................................................................................................. 10

CERTIFICATE OF SERVICE .......................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**

*A.B. v. Hilton Worldwide Holdings, Inc.*,
  484 F.Supp.3d 921 (D. Or. 2020) .......................................................................................... 2

*A.B. v. Marriott Int'l, Inc.*,
  455 F. Supp. 3d 171, 181 (E.D. Pa. 2020) ......................................................................... 1, 7

*A.B. v. Wyndham Hotels & Resorts, Inc.*,
  532 F.Supp.3d 1018 (D. Or. 2021) .................................................................................. 2, 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................................. 5

*B.M. v. Wyndham Hotels & Resorts, Inc.*,
  No. 20-CV-00656-BLF, 2020 WL 4368214 (N.D. Cal. July 30, 2020) .............................. 2, 9,10

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1988) ................................................................................................ 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 555 (2007) ...................................................................................................... 5

*Doe #1 v. Red Roof Inns, Inc.*,
  21 F.4th 714 (11th Cir. 2021) ............................................................................................ 2, 8

*Does 1-6 v. Reddit, Inc.*,
  51 F.4th 1137 (9th Cir. Oct. 24, 2022) ............................................................................... 3, 8

*Godecke v. Kinetic Concepts, Inc.*,
  937 F.3d 1201 (9th Cir. 2019) .............................................................................................. 5

*J.B. v. G6 Hosp., LLC*,
  No. 19-CV-07848-HSG, 2021 WL 4079207 (N.D. Cal. Sept. 8, 2021) ................................ 2

*J.C. v. Choice Hotels Int'l, Inc.*
  2020 WL 6318707 (N.D. Cal. Oct. 28, 2020) ............................................................... passim

*J.M. v. Choice Hotels Int'l Inc.*,
  No. 222CV00672KJMJDP, 2022 WL 10626493 (E.D. Cal. Oct. 18, 2022) ................ passim

*M.A. v. Wyndham Hotels & Resorts, Inc.*,
  425 F. Supp. 3d 959 (S.D. Ohio 2019)…………………………………………………………10

*Noble v. Weinstein*,
  335 F.Supp.3d 504 (S.D.N.Y. 2018) ..................................................................................... 2

*Parks Sch. Of Bus., Inc. v. Symington*,
  51 F.3d 1480 (9th Cir. 1995) ................................................................................................ 5

*Peyton v. Rowe*,
  391 U.S. 54, 65 (1968) .......................................................................................................... 6

*Steinle v. City & Cnty. of San Francisco*,
   919 F.3d 1154 (9th Cir. 2019) .................................................................................... 5

**STATUTES**

U.S.C § 1591 ............................................................................................................... 2, 7
U.S.C 1591 (a) ................................................................................................................ 6
U.S.C. § 1595 .................................................................................................................. 1
U.S.C § 1595 (a) ..................................................................................................... 3, 6, 7
California Civil Code § 52.5 ..................................................................................... 1, 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 4
Fed. R. Civ. P. 8(a)(2) .................................................................................................... 5

LEVIN SIMES ABRAMS LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

Plaintiff hereby files her Response in Opposition to Defendant Leisure Hotel Group LLC d/b/a Clarion Inn's ("Leisure Hotel") Rule 12(b)(6) Motion to Dismiss. Plaintiff respectfully requests the Court deny the Motion[1] because, accepting all pleaded facts as true and granting all reasonable inferences in favor of the Plaintiff, the motion must be denied as the complaint's allegations plausibly give rise to an entitlement to relief.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether Plaintiff alleged sufficient facts supporting direct liability against Leisure Hotel under the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, 18 U.S.C. § 1595. ("TVPRA").

**INTRODUCTION**

The TVPRA of 2008 expanded civil liability beyond criminal sex traffickers to all persons or entities who facilitated or benefitted from the trafficking survivor's exploitation.  18 U.S.C. § 1595.  Based on the plain language of the statute, the TVPRA permits trafficking survivors to seek civil liability against hotels.  To state a claim for direct liability under a section §1595(a) beneficiary theory, a plaintiff must allege facts from which it can reasonably be inferred that the defendant (1) "knowingly benefit[ted] financially or by receiving anything of value" (2) from participation in a venture; (3) which it "knew or should have known has engaged in" sex trafficking. *A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171, 181 (E.D. Pa. 2020).

District courts across the country have interpreted this provision in different ways.  Most courts, including all district courts in California and all district courts within the Ninth Circuit, who have ruled upon motions to dismiss in TVPRA hotel sex trafficking cases have applied a negligence standard and rejected actual knowledge and/or overt acts/participation requirements in the sex

---

[1] Plaintiff concedes Count Two – California Civil Code § 52.5 should be dismissed.

1
OPPOSITION TO DEFENDANT LEISURE HOTEL GROUP LLC'S MOTION TO DISMISS

trafficking itself.[2]  A minority have imposed an actual knowledge standard.[3]

Leisure Hotel hangs its hat on the minority interpretation.  *See* Leisure Hotel MTD, p. 2.  More specifically, Leisure Hotel cites the Eleventh Circuit's opinion in *Doe #1 v. Red Roof Inns, Inc.* for the proposition that they must have participated in Plaintiff's sex trafficking for liability to attach.  *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021).  But *Doe #1* is not helpful here.  First, because the Eleventh Circuit's opinion is not binding on this Court.  Second, the fact that the *Doe #1* opinion was the first issued by a federal court of appeal relating to hotel franchisor liability under the TVPRA does not mean its analysis and holdings were correct.  And third, even if direct participation was a requirement, Plaintiff's allegations meet this standard.

Defendant's reliance on the Ninth Circuit's recent opinion in *Does 1-6 v. Reddit, Inc.*, and its incomplete quotation from that opinion, does nothing for Leisure Hotel because the facts of that case – and the type of defendant – are in no way analogous to the facts here.  *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137 (9th Cir. Oct. 24, 2022).  *Reddit* involved a social media platform (Reddit) that allows users to publicly post content; users posted sexually explicit photos or videos of minors on the platform.  *Id*. at 1139.  The issue before the Court was the "scope of FOSTA's[4] exception to" § 235 immunity for civil child sex trafficking claims and whether a plaintiff must allege the website's own conduct violated § 1591 (not § 1595) of the TVPRA.  *Id*. at 1141.  Sex trafficking beneficiary

---

[2] *A.B. v. Hilton Worldwide Holdings, Inc.*, 484 F.Supp.3d 921, 937 (D. Or. 2020) (adopting negligence standard and rejecting actual knowledge/overt act requirements); *A.B. v. Wyndham Hotels & Resorts, Inc*., 532 F.Supp.3d 1018 (D. Or. 2021) (reiterating court's prior application of constructive rather than actual knowledge standard); *J.C. V. Choice Hotels Int'l, Inc.*, No. 20-CV-00155-WHO, 2020 WL 6318707 at *4, 7 (N.D. Cal. Oct. 28, 2020) (stating plaintiff need not allege actual knowledge and rejecting proposition that a plaintiff must allege  participation in "sex-trafficking venture" as opposed to any other venture for liability to attach); *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-CV-00656-BLF, 2020 WL 4368214 (N.D. Cal. July 30, 2020) (rejecting actual knowledge and overt act requirements); *J.B. v. G6 Hosp., LLC*, No. 19-CV-07848-HSG, 2021 WL 4079207 (N.D. Cal. Sept. 8, 2021) (rejecting actual knowledge and affirmative conduct arguments); *J.M. v. Choice Hotels Int'l Inc.*, No. 222CV00672KJMJDP, 2022 WL 10626493 (E.D. Cal. Oct. 18, 2022) (rejecting arguments that defendants must have known financial benefits were generated by plaintiff's trafficking and that defendants must have taken overt acts).

[3] *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021) (applying actual knowledge standard); *Noble v. Weinstein*, 335 F.Supp.3d 504 (S.D.N.Y. 2018) (applying actual knowledge standard to TVPRA claims).

[4] Fight Online Sex Trafficking Act.

claims were only discussed because a FOSTA provision incorporates both § 1591 and § 1595 of the TVPRA. *Id*. at 1140-1141.

The one paragraph portion of the opinion discussing sex trafficking beneficiary suits – the incomplete quote cited by Defendant - relates to defendant websites only. The opinion makes this plain by italicizing the pertinent language: "[i]n a sex trafficking beneficiary suit *against a defendant-website*, the most important component is the *defendant-website's* own conduct – its "participation in a venture." *Id*. at 1142 (emphasis in original). Leisure Hotel is not a website. The issue before this Court is not one of FOSTA immunity. The single quotation cherry-picked by Defendant is inapplicable. For these reasons, *Reddit* stands for nothing in relation to this case.

What is at issue in this case, and what does matter, is not only whether Plaintiff's allegations meet the plausibility pleading standard, but this Court's interpretation of the language in § 1595 (a) for direct liability beneficiary claims. The national TVPRA landscape as it relates to hotel liability is muddy and inconsistent given the varied approaches and interpretations taken by district courts. But the approach taken by district courts in California, and all courts within the Ninth Circuit, are and have been consistent: a negligence standard applies, and franchisor or franchisee hotel defendants need not have actual knowledge and need not have participated in the actual sex trafficking of the plaintiff for liability to attach.[5] The only question, then, is whether Plaintiff has plausibly alleged she is entitled to relief based upon a sound legal theory. For all of the reasons contained herein, Plaintiff respectfully asserts she has, and Defendant's Motion should be denied.[6]

**STATEMENT OF RELEVANT FACTS**

Plaintiff's sex trafficking began in 2012; she was trafficked for the next four years at the hotels owned, operated, supervised, franchised, and branded by Defendants. SAC ¶ 5. Each Defendant knowingly benefitted from participation in a venture it knew, or at the very least should have known, to be engaging in sex trafficking. *Id*. ¶ 6.

Leisure Hotel is a franchisee of Defendant Choice Hotels International, Inc. ("Choice"). SAC

---

[5] *See* n. 3 *supra*.
[6] Plaintiff concedes Count Two – California Civil Code § 52.5 should be dismissed.

¶ 17(i). Leisure Hotel did business as the Clarion Inn Concord/Walnut Creek ("Clarion Inn") under Choice's brand flag and was responsible for the day-to-day operations of the Clarion Inn. *Id*. at ¶ 17(ii). Through its franchise agreement and relationship with Choice, Leisure Hotel was required to implement the training, procedures, and policies as instructed by Choice; was required to provide Choice with a percentage of gross room revenue and money generated from the operation of the Clarion Inn including the rates charged for the rooms within which Plaintiff was trafficked; was required to use the interest access required by choice; was required to comply with the standards and policies outlined in Choice's operating manual and/or franchise agreement; and operated under the supervision of Choice. *Id*. at ¶ 17(iii)-(v).

The Clarion Inn was operated by Leisure Hotel; it was branded and supervised by Choice. SAC ¶ 75. Plaintiff was trafficked at the Clarion Inn approximately once a week for two nights at a time and at least four times per month throughout 2013 to 2016. *Id*. at ¶ 75. When Plaintiff was trafficked at this hotel, there was a procession of buyers who entered Plaintiff's room; the hotel staff provided an inordinate amount of supplies (including linens, sheets, and cleaning agents) to Plaintiff's trafficker; on numerous occasions, housekeeping staff at the Clarion Inn entered the room Plaintiff was being trafficked in as she was being sold or preparing to be sold for commercial sex; Plaintiff's trafficker often physically attacked her in public areas of the hotels; these attacks were accompanied by criticism for Plaintiff's failure to meet her "quota" of buyers; Plaintiff was physically assaulted by her trafficker and was able to escape the hotel room to common areas but was not offered any help. *Id*. at ¶¶ 77-83. Leisure Hotel's employees observed open and obvious signs and indicators of Plaintiff's sex trafficking. *Id*. at ¶ 235.

## LEGAL STANDARD

A Rule 12(b)(6) motion for failure to state a claim may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. Fed. R. Civ. P. 12(b)(6); *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). A court ruling upon a motion to dismiss assumes all factual allegations are true and construes "them in the light most favorable to

the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. Of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). The motion must be granted only if the complaint's allegations do not "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Rule 8 mandates that a complaint need only contain a "short and plain statement of the claim showing the pleader is entitled to relief" and need not contain "detailed factual allegations." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to the long-standing plausibility pleading standard, a plaintiff need only "state a claim for relief that is plausible on its face," and, if accepted as true, is sufficient to "raise a right to relief above the speculative level." *Twombly*, supra 550 U.S. at 555. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, supra 556 U.S. at 678. Determining whether a complaint states a plausible claim "is context specific, requiring the reviewing court to draw on its experience and common sense." *Ibid*.

## ARGUMENT

### I.   Because the TVPRA is a Remedial Statute, It Should Be Interpreted Broadly

The TVPRA of 2008 is a remedial statute because it codified a previously nonexistent remedy for sex trafficking survivors; it did so by authorizing civil litigation against any person or entity who knowingly benefitted from their exploitation.[7] Remedial statutes require broad interpretation. *Peyton v. Rowe*, 391 U.S. 54, 65 (1968). And when, as here, there is language that may be interpreted differently, the presumption of liberal interpretation applies.[8]

The plain language of the statute dictates that the constructive knowledge culpability standard applies. It makes no sense to require direct participation in sex trafficking under § 1595

---

[7] *See Remedial Law*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining a remedial statute as one that provides a new or different remedy).
[8] *See* Eig, M., Cong. Rsch. Serv., 97-589, Statutory Interpretation: General Principles and Recent Trends 16 (2014).

(a) because it would render the liability standard equal the criminal standard outlined in § 1591 (a). Congress clearly intended for the culpability standard under § 1595 (a) to be lower than that found in § 1591 (a). If Congress had intended for the liability standards to be the same under the civil and criminal statutes, our legislature certainly knows how to say so. And would have. Section 1595 "opened the door for liability against facilitator who did not directly traffic the victim but benefitted from what the facilitator should have known was a trafficking venture." *A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171, 181 (E.D. Pa. 2020) (quoting *Gallant Fish, No Rest for the Wicked: Civil Liability Against Hotels in Cases of Sex Trafficking,* 23 Buff. Hum. RTS. L. Rev. 119, 138 (2011)).

## II.  Civil Liability Under Section 1595 of the TVPRA

To state a direct beneficiary claim under § 1595, a plaintiff must allege facts showing the defendants (1) knowingly benefitted (2) from "participation in a venture" (3) that they knew or should have known has engaged in trafficking the plaintiff. *J.M. v. Choice Hotels Int'l, Inc.*, No. 222CV00672KJMJDP, 2022 WL 10626493 (E.D. Cal. Oct. 18, 2022) (quoting *J.C. v. Choice Hotels Int'l, Inc.* 2020 WL 6318707 at *4 (N.D. Cal. Oct. 28, 2020).

Because the operative complaint uses general "venture" language as well as "sex trafficking venture,"[9] Plaintiff, in an attempt to clear up any confusion, asserts that Leisure Hotel participated both in a sex trafficking venture (by participating and aiding the trafficker), and in a general venture because it partook in a common undertaking or enterprise (with Choice) involving risk and potential profit.

///

## III.  Plaintiff Sufficiently and Plausibly Pleaded Leisure Hotel Is Directly Liable

The Motion to Dismiss should be denied in its entirety. Leisure Hotel's attempt to characterize the Ninth Circuit's *Reddit* opinion as in some way controlling, or even relevant, to the issues here is misguided. Leisure Hotel MTD, pp. 2, 4. As recited above, Leisure Hotel failed to include the fact that the *Reddit* case involved a website (not hotel) defendant who is not similarly situated and that the issue before the Ninth Circuit was the "scope of FOSTA's exception to" § 235

---

[9] *See e.g.* SAC ¶ 6 (referring to "venture"); ¶ 9 (referring to "sex trafficking venture"); ¶ 17(iv) (Leisure Hotel participated in a "venture").

immunity for civil child sex trafficking claims and whether a plaintiff must allege the *website*'s own conduct violated § 1591 (not § 1595) of the TVPRA. *Reddit*, supra 51 F.4th 1137 at 1140. It failed to include the full quote which makes plain the single paragraph of the opinion discussing §1595 (a) liability relates to website defendants only, as evidenced by the Court's choice to utilize italics: "[i]n a sex trafficking beneficiary suit *against a defendant-website*, the most important component is the *defendant-website's* own conduct – its "participation in a venture." *Id*. at 1142 (emphasis in original). *Reddit* has nothing to do with this case.

Leisure Hotel's reliance on *Doe #1* is similarly unavailing. An opinion issued by the Eleventh Circuit is not binding on this Court. And as recounted above, all California district courts *and* all courts within the Ninth Circuit have rejected a direct participation requirement as it would obviate and render meaningless the "knew or should have known" language of section 1595 (a).[10] But most importantly, *Doe #1* involved causes of action brought against, and motions to dismiss filed by, *franchisors*. *Doe #1,* supra 21 F.4th 714 at 719 ("[t]o resolve this appeal…we must determine whether the Does have plausibly alleged facts that satisfy" § 1595 (a)'s elements "against each of the *franchisors*") (emphasis added).

Leisure Hotel is neither a website nor a franchisor. The cases it relies upon in support of its Motion to Dismiss are inapposite.

### a. Leisure Hotel Knowingly Benefitted

The financial relationship between trafficking operations and hotels is obvious: hotels and those managing them, like Leisure Hotel, financially benefit by renting rooms to traffickers. This is part and parcel of a hotel franchisor and franchisee business model. As multiple California district courts have found, a plaintiff need not plead a defendant was aware the funds received in the normal course of business were connected to the alleged trafficking. *See e.g. J.C. v. Choice Hotels Int'l, Inc.*, supra 2020 WL 6318707 at *4. To find otherwise would "read[] a requirement for 'actual knowledge' of criminal sex trafficking into the civil statute, reading out the 'should have known' language." *Ibid*; *see also B.M. v. Wyndham Hotels & Resorts, Inc.*, supra 2020 WL 4368214 at *4.

---

[10] *See* n. 3 *supra*.

All that is required is that a defendant knowingly receive a financial benefit and "the rental of a room (or a defendants' receipt of royalties from that rental) constitutes a financial benefit from a relationship with the trafficker sufficient to meet this element." *B.M. v. Wyndham Hotels & Resorts, Inc.*, supra 2020 WL 4368214 at *4.

But even applying the more stringent (although incorrect) standard that a defendant must be aware that the funds received in the normal course of business were connected to the alleged trafficking, Plaintiff's allegations meet it. SAC ¶¶ 77-83 (hotel staff provided an inordinate amount of supplies (including linens, sheets, and cleaning agents) to Plaintiff's trafficker; housekeeping staff entered the room Plaintiff was being trafficked in as she was being sold or preparing to be sold for commercial sex; Plaintiff's trafficker often physically attacked her in public areas of the hotels; these attacks were accompanied by criticism for Plaintiff's failure to meet her "quota" of buyers; Plaintiff was physically assaulted by her trafficker and was able to escape the hotel room to common areas but was not offered any help).

Because Leisure Hotel need not know the financial benefits it received from room rentals were connected to the alleged trafficking, Plaintiff satisfies this prong. Plaintiff satisfies this prong even under the standard proffered by Leisure Hotel itself: that it new the financial benefits were the byproduct of the alleged trafficking.

### b. Leisure Hotel Participated in a Venture

The "phrase 'participation in a venture' requires a plaintiff to 'allege that the [defendant] took part in a common undertaking or enterprise involving risk and potential profit." *J.M. v. Choice Hotels Int'l Inc.*, supra 2022 WL 10626493 at *4. In other words, a plaintiff "is not required to allege that Defendants had actual knowledge of a sex trafficking venture or performed an overt act in furtherance of the venture to satisfy the 'participation' element of a civil TVPRA claim." *A.B. v. Wyndham Hotels & Resorts, Inc.*, 532 F.Supp.3d 1018, 1025 (D. Or. 2021); *see also M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 969 (S.D. Ohio 2019) (same); B.M. v. Wyndham Hotels & Resorts, Inc., supra 2020 WL 4368214 at *3 (same).

Plaintiff clearly meets this standard. Leisure Hotel managed the Clarion Inn via its franchise agreement with Choice. SAC ¶ 17(i)-(ii). In doing so, Leisure Hotel Group took part in a common

undertaking with Choice that involved risk and potential profit.  Namely, jointly operating a hotel.  The participation in a venture prong is satisfied.

Even if the participation in a venture standard incorporated the language of the criminal statute § 1591 (e)(4) ("knowingly assisting, supporting, or facilitating a violation" of the TVPRA) Plaintiff would still meet it.  As she plainly alleged, staff at the Clarion Inn provided supplies to Plaintiff's trafficker in a context where hotel staff, on more than one occasion, entered the room within which she was begin trafficked when she was being sold for sex or when she was preparing to be sold for sex.  Moreover, Leisure Hotel continued to rent rooms to Plaintiff's trafficker – therefore continuously providing a venue for his sex trafficking of the Plaintiff – even after it knew Plaintiff was being trafficked in its hotel. These are prime examples of "assisting" and "supporting" a sex trafficking venture.  The participated in a venture requirement is met.

### c. Leisure Hotel Knew or Should Have Known That the Venture Was Engaged in Sex Trafficking

Allegations of "obvious signs of sex trafficking" which include an excess of condoms, persons carrying large amounts of cash, declining of room service, men traveling with multiple women, guests checking in with little or no luggage; a procession of buyers who entered Plaintiff's room; Plaintiff's trafficker physically and verbally assaulting her in front of hotel staff; Plaintiff's trafficker admonishing her for not meeting her "quota" of buyers in front of hotel staff; hotel staff providing an inordinate amount of supplies (including linens, sheets, and cleaning agents) to Plaintiff's trafficker; and housekeeping staff at the Clarion Inn entering the room where Plaintiff was being trafficked as she was being sold or preparing to be sold for commercial sex are "more than sufficient to state a claim that the local hotels knew or should have known" Plaintiff was a sex trafficking victim.  SAC ¶¶ 77-83; *J.C. v. Choice Hotels Int'l, Inc.*, supra 2020 WL 6318707 at *6. Leisure Hotel was clearly on notice that Plaintiff was trafficked at the Clarion Inn, which Leisure itself staffed and managed.  Leisure Hotel was in fact more than on notice; it aided and facilitated Plaintiff's trafficking by providing an inordinate amount of cleaning and room supplies in a context where its housekeeping staff entered the room when Plaintiff was being sold for sex or preparing to be sold for sex, and continued renting rooms to Plaintiff's trafficker despite being aware he was trafficking the Plaintiff, therefore providing a continuous venue for him to traffic her.  These

allegations demonstrate Leisure Hotel had actual or constructive knowledge of Plaintiff's sex trafficking. This satisfies the knew or should have known standard. *See e.g. id.* at *6 (finding knew or should have known requirement satisfied where plaintiff's allegations were sufficient to demonstrate actual or constructive knowledge of her trafficking).

///

///

///

///

///

////

////

///

////

## CONCLUSION

For all the reasons explained herein, Plaintiff adequately and plausibly pleaded a claim under the TVPRA, asserting Leisure Hotel is directly liable under the statute. Defendant's Motion as it relates to Plaintiff's TVPRA claims should be denied in full.[11]  Should the Court determine Plaintiff's allegations, or any subpart thereof, fall below the plausibility pleading standard, Plaintiff respectfully requests leave to amend.

Dated: December 2, 2022            **LEVIN SIMES ABRAMS LLP**

/s/ Angela J. Nehmens
Brian J. Perkins (SBN 315870)
Angela J. Nehmens (SBN 309433)
William H. Cross (SBN 337801)

*Attorneys for Plaintiff*

---

[11] Plaintiff concedes Count Two – California Civil Code § 52.5 should be dismissed.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of filing to all counsel of record.

/s/ *Angela J. Nehmens*
Angela J. Nehmens

Levin Simes Abrams LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

11
OPPOSITION TO DEFENDANT LEISURE HOTEL GROUP LLC'S MOTION TO DISMISS